IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLYDE MCKENZIE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:04CV443-SRW |
| ) | (WO) |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Plaintiff Clyde McKenzie, Jr. brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income and disability insurance benefits under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be affirmed.

**BACKGROUND**

On May 4, 2001, plaintiff filed an application for disability insurance benefits and Supplemental Security Income. On October 7, 2003, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing. The ALJ rendered a decision on December 4, 2003, in which he found, *inter alia*, that: (1) plaintiff suffers from the severe impairments of hypertension, obesity and lumbar disc disease; (2) plaintiff's

depression, enlarged heart, migraine headaches and sleep apnea do not meet the statutory requirements to be considered "severe;" (3) plaintiff possesses the residual functional capacity to perform light work activity; and (4) plaintiff is unable to perform his past relevant work, but is capable of performing work that exists in significant numbers in the national economy. On March 17, 2004, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

The plaintiff challenges the Commissioner's decision, arguing generally that the decision is not supported by substantial evidence. Plaintiff raises two specific issues: (1) that the ALJ failed to fully address or consider plaintiff's morbid obesity and major depression; and (2) that the ALJ's decision "did not address the issue of whether or not ALL of Mr. McKenzie's medical conditions in combination equaled a listed impairment as required by Dixon v. Shalala, 54 F.3d 1019." (Plaintiff's brief, pp. 7-8).

### ALJ's Consideration of Plaintiff's Obesity and Depression

Plaintiff argues that the ALJ failed to fully address or consider his morbid obesity. However, the ALJ expressly noted the diagnoses of obesity by Dr. Varghese, Dr. Dean, and CRNP Smith. (R. 18-20). The ALJ found plaintiff's obesity to be a severe impairment. (R. 21, 25). The ALJ acknowledged that plaintiff's obesity resulted in functional limitations, but concluded that those limitations would not interfere with his ability to perform light work. (R. 24).[1]

With regard to plaintiff's depression, the ALJ noted the consultative examiner's diagnosis of depression, but found the depression not to be a severe impairment. The ALJ stated:

---

[1] Plaintiff weighed 323 pounds in January 1991 and 326 pounds in February 1992, several years before his alleged onset date, while plaintiff was still employed at K-Mart as a stock clerk, performing work at the medium exertional level. (R. 82-83, 112-15, 152, 178, 180, 242). His weight has not increased significantly since then. See e.g. R. 153 (344 pounds in November 2000), R. 154 (331 pounds in May 2000), R. 158 (346 pounds in October 2001); R. 183 (328 pounds in August 2003 and 340 pounds in September 2003); R. 185 (329 pounds in June 2003 and 338 pounds in August 2003); R. 187 (330 pounds in May 2003); R. 188 (328 pounds in May 2003); R. 189, 190 (322 pounds in March 2003 and 319 pounds in April 2003).

> Dr. Jacobs diagnosed the claimant with depression, but the record establishes that the claimant has not sought recent psychological treatment or been prescribed psychotropic medications on a regular basis. Dr. Kenneth Warren, a psychologist employed by the State Agency, determined that the claimant did not possess a "severe" mental impairment (Exhibit B8-F). The Administrative Law Judge is compelled to agree with said determination because there is no objective credible evidence that the claimant's ability to perform daily activities, maintain social functioning and maintain concentration is more than minimally impaired. During his exam with Dr. Jacobs, the claimant only alleged feelings of depression, but he denied suicidal thoughts and psychotic features. The claimant's memory functioning and cognition were deemed intact by Dr. Jacobs, and the claimant was able to recall various items after a delay and with interference. The claimant was able to stick to task during Dr. Jacobs' evaluation by evidence of his ability to recite seven digits forward and five digits in reverse, and his ability to maintain appropriate interaction with Dr. Jacobs throughout the interview. Thus, based on the combination of all these factors, the Administrative Law Judge finds that the claimant does not possess a severe mental impairment.

(R. 21). The court concludes that the ALJ's decision evidences his thorough consideration of plaintiff's obesity and depression and, further, that his assessment of these impairments is supported by substantial evidence.

### Combination of Impairments

"Where a claimant has alleged several impairments, the [Commissioner] has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled." Jones v. Dept. of Health and Human Services, 941 F.2d 1529, 1533 (11th Cir. 1991). Plaintiff contends that the Commissioner erred by failing to properly consider the combination of plaintiff's impairments. In Wilson v. Barnhart, 284 F.3d 1219, 1244 (11th Cir. 2002), the Eleventh Circuit held that an ALJ's statement that "'the medical evidence establishes that [Wilson] had [several injuries] which constitute a 'severe impairment,' but that he did not have an impairment *or combination of*

4

*impairments* listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4'" was "evidence that he considered the combined effects of Wilson's impairments." (alterations and emphasis in original). The Eleventh Circuit rejected the District Court's determination that the ALJ had failed to discuss the cumulative effects of the plaintiff's impairments. Id. In the present case, the ALJ stated,

> The third inquiry is whether the claimant has an impairment *or combination of impairments* that meets the duration requirement and meets or equals an impairment listed in 20 CFR § 404, Subpart P, App. 1. At this step, the burden remains on the claimant to show that his condition meets this test. In this case, the claimant has not alleged that his condition meets or equals a listed impairment. The State Agency did not believe that any listing had been met or equaled. There are no medical findings based on medically acceptable clinical and laboratory techniques that show that a listing was met or equaled and that the duration requirement was met.

(R. 22)(emphasis added). The ALJ also specifically found that the plaintiff's "impairments, when considered individually *and in combination*, do not meet or medically equal one of the listed impairments in 20 CFR § 404, Subpart P, Appendix 1." (R. 25, Finding no. 4)(emphasis added). These statements constitute evidence that the ALJ considered plaintiff's impairments in combination and, thus, plaintiff's argument to the contrary is without merit.

## CONCLUSION

Upon review of the record as a whole, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed. A separate judgment will be entered.

DONE, this 11th day of May, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE